IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　　　　)　　　Criminal No. 07-383
　　　　　　　　　　　　　　　　　　　　)
JEFFREY DAVID SANTILLO　　　　　　　　)


AMBROSE, Chief District Judge

## MEMORANDUM ORDER

After a hearing on Defendant's Motion to Suppress Evidence and Statements (Doc. No. 47), the Court makes the following:

## Findings of Fact

1.　On August 2, 2007, at 12:39 p.m., the Butler Police Department received a call from Defendant's wife reporting a shooting inside a residence at 521 West Penn Street in Butler.

2.　Butler Police Officer Fierst arrived at the residence at approximately 12:41 p.m. and saw Defendant exit the residence through the front door and onto the porch with something in his hand.

3.　After Butler police officers approached Defendant, they restrained and handcuffed Defendant, frisked him and found marijuana in his pocket. The object in Defendant's hand was a telephone. Defendant was taken to a police car.

4.　Officer Fierst and Butler Police Officer Rensel entered the house in tactical mode looking for victims and/or suspects in the shooting by way of a tactical sweep.

5.　The officers saw nothing on the first floor, which was messy and in disarray. They found nothing on the second floor but a padlocked room. They found nothing on the third floor. Officer Rensel searched the basement and found nothing.

6.　Throughout the search for victims and/or suspects, the officers were in tactical mode doing a tactical sweep for victims and/or assailants.

7. Officer Rensel returned to the locked room on the second floor. Officer Fierst returned to the first floor, saw Defendant's wife and asked if she had a key to the locked room. Defendant's wife indicated that Defendant was the only one who had a key.

8. Officer Fierst obtained a key from Defendant, returned to the second floor and opened the door.

9. Inside, Officers Fierst and Rensel observed several weapons, a grenade with a fuse, and a box of black powder.

10. Officers Fierst and Rensel then evacuated the house and the neighboring area, blockaded the street and gave instructions to call the Allegheny County Bomb Squad.

11. Thereafter, the Butler Police officers obtained a search warrant for the Defendant's residence to seize explosive devices, components and firearms related to violations of Pennsylvania law prohibiting the discharge of a firearm in an occupied structure.

12. Defendant was transported to the Butler police station where Defendant was advised of his rights pursuant to *Miranda v. Arizona.*

13. Defendant acknowledged that he understood his rights and voluntarily waived those rights and agreed to talk to Officer Rensel.

14. Defendant was upset, but was sober. Defendant was promised nothing, was not threatened and voluntarily signed a waiver of his rights.

15. Defendant initially spoke with Officer Rensel and then provided a written statement.

16. Defendant's wife also provided a written statement to Officer Rensel.

17. On October 29, 2007, after Defendant was federally indicted and transported to federal court by special agents of the ATF, Defendant volunteered certain statements which were not in response to questions asked by the agents and made after Defendant had been advised of his rights pursuant to *Miranda v. Arizona.*

## Conclusions of Law

1. The warrantless entry into Defendant's home on August 2, 2007, did not violate the Fourth Amendment because it was justified by the following exigent circumstances:

   a. The police had received a call that a gunshot had been fired from within Defendant's residence; and

   b. The call came from Defendant's wife who indicated that she and Defendant had been arguing, that she had left the residence before hearing the gunshot and that Defendant had access to firearms.

2. Under these circumstances, the officers reasonably entered the residence - even though Defendant had been apprehended - to perform a tactical sweep for victims and/or assailants.

3. Defendant was lawfully frisked and arrested when he exited his home. The officers reasonably believed, based on the report of shots fired, that Defendant was a threat to the safety of others. The officers also knew Defendant had access to guns and that he was exiting the house from which guns were fired. Under these circumstances, the frisk of Defendant was justified and constitutional. When marijuana was found on Defendant's person, he was appropriately arrested.

4. The evidence seized as a result of the execution of the search warrant is admissible and within the scope of the warrant. The warrant clearly encompassed both the seizure of explosive devices and a range of firearms whose possession violated Pennsylvania criminal laws, including laws prohibiting the discharge of a firearm in an occupied structure.

5. Defendant's statements are admissible. Defendant was advised of his rights and knowingly, intelligently and voluntarily waived those rights both orally and in writing on August 2, 2007. Statements made on October 29, 2007, were unsolicited declarations and volunteered statements made by Defendant after he was advised of his rights and are, therefore, admissible.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
      )
   vs.      )    Criminal No. 07-383
      )
JEFFREY DAVID SANTILLO      )

AMBROSE, Chief District Judge

## Order of Court

And now this 27th day of February, 2009, the Motion to Suppress Evidence and Statements

(Doc. No. 47) is denied.

Trial is scheduled for March 16, 2009.

Proposed voir dire and jury instructions are due on March 6, 2009.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge